IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN S. PERRY, | No. 4:24-CV-00017 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GREGORY C. BRIGGS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 30, 2024

Plaintiff Kevin S. Perry filed the instant *pro se* civil rights lawsuit alleging constitutional and state-law torts by Dauphin County Prison officials. His Section 1983[1] claims sound in deliberate indifference to serious medical needs in violation of the Eighth Amendment. Because Perry fails to state a claim for relief with respect to his federal claims, the Court will dismiss those claims pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

I.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2] *See* 28 U.S.C. § 1915A(a).

which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Perry proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Perry, is incarcerated.[14]

## II. DISCUSSION

The gravamen of Perry's complaint is alleged deliberate indifference to serious medical needs by Dauphin County Prison officials. He contends that he initially raised concerns about a toe infection around December 1, 2022.[15] Perry maintains that he submitted multiple sick call requests, requests to staff, and grievances seeking proper medical treatment and those requests were repeatedly denied or rejected.[16] He alleges that his infection continually worsened to the point where his foot and toe

---

[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15] Doc. 1 at 4.
[16] *Id.* at 5.

were "blackening, decaying, and deforming to an unrecoverable state."[17] He further avers that amputation may be necessary.[18]

Perry attempts to assert two constitutional tort claims under the Eighth Amendment,[19] but those claims are actually one and the same: deliberate indifference to serious medical needs. Although Perry contends that the lack of proper medical treatment by prison officials and medical staff was "cruel and unusual punishment," his allegations under this purportedly separate count are identical to (and already encompassed by) his medical indifference claim.[20] He also asserts state-law claims of medical malpractice and negligence.[21]

Perry names five defendants: Warden Gregory C. Briggs, Deputy Warden Lionell Pierre, Health Service Administrator Justin M. Lensbower, Deputy Warden LeValley, and PrimeCare Medical, Inc.[22] He seeks millions of dollars in compensatory damages for pain and suffering.[23]

Upon review of Perry's complaint, it is clear that he fails to state a claim upon which relief may be granted with respect to his Section 1983 claims. The Court will address Perry's pleading deficiencies in turn.

---

[17] *Id.*
[18] *Id.*
[19] *See id.* at 2, 4, 6.
[20] *See id.* at 6.
[21] *See id.* at 4, 5.
[22] *See id.* at 2-3.
[23] *See id.* at 4, 6.

## A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[24]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[25]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[26]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[27]

Perry's primary pleading deficiency is his failure to allege personal involvement for each Defendant.  Although he identifies four individual defendants and a corporate defendant, he does not include any specific allegations of wrongdoing that would establish personal involvement by a Defendant in the purported constitutional violations.  Perry repeatedly groups Defendants together and alleges that they took some type of collective unconstitutional action,[28] but he never

---

[24] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[25] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[26] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[27] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[28] *See, e.g.*, Doc. 1 at 2, 4.

delineates what each Defendant did or did not do. Perry, however, must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a claim against them. Accordingly, the Court must dismiss the Section 1983 claims against the individual Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[29] Only "persons" are subject to suit under Section 1983, and entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[30]

Accordingly, any Section 1983 claim against defendant PrimeCare, Inc., must be dismissed, as PrimeCare is not a person subject to Section 1983 liability. Moreover, Perry does not allege an unconstitutional policy or custom by PrimeCare

---

[29] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[30] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

such that a Section 1983 suit could be maintained against it through its connection with the county.[31]

### C. Official Capacity Claims

Perry sues the individual Defendants in their "professional" and individual capacities.[32] It is possible that by "professional" capacity, Perry means "official" capacity. If so, those claims must also be dismissed.

Suing the individual Defendants in their official capacities is akin to suing the municipality—Dauphin County—itself.[33] To assert a Section 1983 claim against Dauphin County by way of an official capacity claim against a county employee, Perry must identify a policy or custom fairly attributable to the municipality that caused him constitutional injury.[34] He must also plausibly plead facts showing that each Defendant is a decisionmaker endowed with authority to promulgate or establish an official custom or policy.[35] Perry has done neither, so any official capacity claims (to the extent they are asserted) must be dismissed.

---

[31] *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).
[32] *See* Doc. 1 at 4, 6.
[33] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978).
[34] *Id.* at 690-91.
[35] *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (explaining that a decision to adopt a particular course of action made by the "government's *authorized decisionmakers*" represents an act of official government policy (emphasis added)); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (noting that plaintiff failed to "allege conduct by a municipal decisionmaker" in his attempt to assert municipal Section 1983 liability).

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[36] Perry will be granted leave to amend in the event that he can plead facts that would plausibly state a Section 1983 claim for deliberate indifference to serious medical needs.

If Perry chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Perry's claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Perry must leave one-inch margins on all four sides of his pleading.[37] He must also name proper defendants and *specify* the offending actions taken by a particular defendant. This step is particularly critical for Perry, as his initial complaint is devoid of allegations that demonstrate each Defendant's personal involvement in the purportedly deficient medical care. Perry must also sign the amended complaint and indicate the nature of the relief sought.

If Perry does not timely file an amended complaint, dismissal of his federal claims without prejudice will automatically convert to dismissal with prejudice. If that occurs, the Court will then determine whether to exercise supplemental

---

[36] *Grayson*, 293 F.3d at 114.
[37] *See* LOCAL RULE OF COURT 5.1

jurisdiction over Perry's remaining state-law claims or to dismiss them without prejudice.[38]

### III.   CONCLUSION

Based on the foregoing, the Court will dismiss Perry's Section 1983 claims pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Perry may file an amended complaint in accordance with this Memorandum.  If no amended complaint is filed, the Court will determine whether to exercise supplemental jurisdiction over the remaining state-law claims.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[38] *See* 28 U.S.C. § 1367(c).  The Court takes no position on the sufficiency of Perry's state-law claims at this time.