In The United States District Court
For The Middle District of Pennsylvania

Kevin S. Perry
         Plaintiff
   v.
Gregory C. Briggs, et al.,
         Defendants

Docket # 4:24-CV-00017
(Chief Judge Brann)

February 11th, 2024

FILED
WILLIAMSPORT
FEB 29 2024
PER ___EA___
DEPUTY CLERK

## Amended Complaint for an State a claim under 42 U.S.C. 1983 Pursuant to Rules of Civil Procedure

And now comes Plaintiff Kevin S. Perry By the way of Pro-Se litigation Seeking to amend his USC 42§ 1983 Civil Complaint as ordered to amend By this very court. Plaintiff avers the following contents will Provide this court with a much more (ably) Litigated motion when addressing and deciding the merits of defendant Civil amendments and would be in the best interest of Justice Moving forward. Plaintiff respectfully moves this court to identify this amended complaint to include "Redline" Identification different from the original filing of "Civil Complaint". federal Rules of Civil Procedure allow for amendments to be granted Liberally in light of the principle that the purpose of Pleading is to facilitate a proper decision on the merits — See: Foman v. Davis (1962). Plaintiff continues to say that a claim has Facial Discusibility when the plaintiff pleads factual content for the courts Consideration. See Ashcroft v. Iqbal (2009) Plaintiff Continues to say the 8th amendment claim negligence or medical malpractice See Estelle v. Gremble (1976)

Holding: Prison Officials must Provide adequate care. See Monmouth County Corr. Inst. Inmates v. Lanzaro (3rd Cir 1987)
Holding Persuasive Leverage relating to a Medical need and its urgency See Nicini v Morra (3rd Cir 2000)
Holding: what makes prison officials Liable inadequate medical treatment See Pearson v. Prison Health Service (3rd Cir 2017).

Plaintiff moves further to say that "all defendants treatment violated Professional standards of care. In addition to alleging that the defendants acted with requiste state of mind. (Deliberate Indifference when providing that Inadequate Care). Plaintiff highlights the following for this courts consideration. Defendants Justin M. Lensbower and Dr. Theodore Demitri at their very own behest are facially Negligent as the plaintiff has established a concrete Diligence to seek adequate medical attention, But to no avail. Denial of proper medical care still exist as concerns still go untreated. Defendant Justin M. Lensbower took no personal Interest in giving Plaintiff his best interest despite knowing about & spearheading medical services within the facility Subjecting Plaintiff to 8th amendment violations cruel & unusual Punishment. Dr. Dimitri is the one who keeps performing these inadequate procedures that are worsening Plaintiffs condition. Plaintiff also states that physician assistant Megan Crooks knew about plaintiffs medical condition but let it worsen over months before being seen by a Doctor. Plaintiff moves to seek monetary Relief for Damages in the amount of 3-million Dollars. Plaintiff asserts that 3 million dollars in Punitive Damages are just as the Compensation Damages for negligence, Pain and Suffering as Plaintiff endures future procedures do to medical malpractice and Inadequate Medical care. Plaintiff moves further to say the Person(s) / decisionmakers and official policy

makers Warden Gregory C. Briggs, Deputy Warden(s) Lionell Pierre and Levally are also at fault in this situation as all 3 were negligent in this case. Each defendant failed to address the concern with medical care. Plaintiff states all 3 defendants were wrote to and told personally about the original medical problem before the grievance process and they all induced the negligence by not doing more to help secure adequate medical care for plaintiff causing him worsend conditions. Plaintiff continues to say that he is seeking a compensatory damages of 2 million dollars collectively as all 3 persons are responsible for all prisoners medical care at Dauphin County Prison. All 3 persons contributed to plaintiffs pain, suffering, medical malpractice and neglect. Wherefore all "5" Defendants are facially negligent and unarguably responsible for plaintiffs medical situation that is still existing and heightend at the behest of the "5" defendants!! The 3 persons of official policy making did not care to take personel interest despite knowing about plaintiff medical care. Plaintiff averts he wrote request slips asking for help. For these reasons defendant should be accountable. Plaintiff moves further to say specifically he spoke with Deputy Warden Lionell Pierre in person about his medical needs but was told to address the situation via request slip and to forward it to himself and Warden Briggs.

After some time and no answer or positive medical change I speak to Warden Briggs about my serious medical needs personally and inquired about a reply to my medical needs and he tells me his hands are tied. A family member has made calls multiple phone calls because my condition was getting worse and plaintiff was not being seen or being treated. Plaintiff was told family had spoken with Deputy Warden LeValley. LeValley was asked to do a welfare check but to no avail plaintiff was not seen. Plaintiff further moves to add when not being seen he wrote to Warden Briggs and asked for pictures to be taken for a welfare check and it was not done. Deputy Warden Mrs. Ray came to the holding pod but did not see Mrs. Ray for an welfare check. Plaintiff states before writing his grievance to exhauste all possible remedies he wrote a slip to Warden Brigg asking to be seen. After the grievance process LeValley knew about condition of plaintiff and inadequate medical care he made no actual medical plans for plaintiff. During the grievance process Warden Briggs was aware of the malpractice of Dr. Dimitri and felt he was capable of catering to my medical needs

Respectfully Submitted
KSP
Kevin S. Perry

NAME Perry, Kevin S.
D.C.P.# 90122
**DAUPHIN COUNTY PRISON**
501 MALL ROAD
HARRISBURG PA 17111-1299

HARRISBURG PA 171
27 FEB 2024 PM 2 L

RECEIVED
WILLIAMSPORT
FEB 29 2024
PER EA
DEPUTY CLERK

Clerk of Court
U.S. Courthouse
240 West Third Street, Suite 218
Williamsport, Pennsylvania 17701

17701-64386A