IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN S. PERRY, | No. 4:24-CV-00017 |
| Plaintiff, | |
| v. | (Chief Judge Brann) |
| GREGORY C. BRIGGS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

APRIL 18, 2024

Plaintiff Kevin S. Perry filed the instant *pro se* civil rights lawsuit alleging constitutional and state-law torts by Dauphin County Prison officials. His Section 1983[1] claims sound in deliberate indifference to serious medical needs in violation of the Eighth Amendment. Perry's initial complaint was dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1). His amended complaint likewise suffers from material pleading deficiencies and must be dismissed under Section 1915A(b)(1) as well.

I.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Perry proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Perry, is incarcerated.[14]

## II. DISCUSSION

The gravamen of Perry's lawsuit is alleged deliberate indifference to serious medical needs by Dauphin County Prison officials. In his original complaint, he

---

[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

named five defendants: Warden Gregory C. Briggs, Deputy Warden Lionell Pierre, Health Service Administrator Justin M. Lensbower, Deputy Warden LeValley, and PrimeCare Medical, Inc.[15] However, that complaint was deficient primarily because Perry had failed to plead personal involvement for any Defendant.[16] Perry also sued a business entity (PrimeCare) that is not a "person" for purposes of Section 1983 liability.[17] The Court dismissed Perry's Section 1983 claims and granted him leave to amend.[18]

Perry filed an untimely amended pleading that the Court will treat as timely filed. Upon review of Perry's amended complaint, he once again fails to state a claim upon which relief may be granted with respect to his Section 1983 claims.

### A. Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[19] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate

---

[15] *See* Doc. 1 at 2-3. Perry does not specifically name the defendants in his amended complaint, despite being directed to do so. Thus, it is assumed that his amended complaint targets the same five defendants as his original complaint. Perry discusses other medical providers at Dauphin County Prison in his amended complaint, (*see id.* at 3), but does not state whether he is suing any of those providers.
[16] *See* Doc. 7 at 5-6, 8.
[17] *See id.* at 6-7.
[18] *See id.* at 8-9.
[19] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

indifference to that need."[20]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[21]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[22]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[23]  Claims sounding in mere medical negligence will not suffice.[24]

Initially, Perry's amended complaint fails to identify a serious medical need. In his original complaint, he discussed a severe toe infection that he claims was not properly treated,[25] but none of those allegations appear in his amended complaint. Perry does not expressly incorporate or adopt his earlier pleading, and it is well settled that "the amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the

---

[20] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[21] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[22] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[23] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[24] *Rouse*, 182 F.3d at 197.
[25] *See* Doc. 1 at 5.

earlier pleading."[26]  Accordingly, the amended complaint fails to state the first element of a medical indifference claim.

Next, Perry's allegations against the individual Defendants fail to rise to the level of deliberate indifference.  As to Health Care Administrator Lensbower, Perry asserts that he was "facially negligent" and "took no personal interest in giving [Perry] his best interest despite knowing about [and] spearheading medical services within the facility[,] subjecting [Perry] to 8th [A]mendment violations."[27]  These allegations are mostly legal conclusions, which must be disregarded.[28]  The single allegation that is not a legal conclusion—*i.e.*, that Lensbower "took no personal interest in giving [Perry] his best interest"—does not even state a negligence claim, much less an Eighth Amendment violation.

Perry then discusses his interactions with Warden Briggs, Deputy Warden Pierre, and Deputy Warden LeValley.  He broadly alleges that "all 3 were negligent" and "failed to address the concern with medical care."[29]  Perry maintains that he wrote to each of these Defendants about his medical problems before initiating the grievance process "and they all induced the negligence by not doing more to help secure adequate medical care" for him.[30]

---

[26] *W. Run Student Hous. Assocs. v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (alteration in original) (citation omitted).
[27] Doc. 9 at 3.
[28] *Connelly*, 809 F.3d at 787.
[29] Doc. 9 at 4.
[30] *Id.*

6

These allegations do not reflect deliberate indifference to a serious medical need. First, Perry continually references negligence, which is not the standard for an Eighth Amendment violation. Second, these high-level prison officials are not medical providers. Perry, whose amended complaint clearly indicates that he was under the care of multiple medical providers,[31] has not indicated why the warden's and deputy wardens' purported conduct rose to the level of deliberate indifference. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."[32]

Perry alleges that he sent a request slip to the warden and deputy wardens about his medical needs "asking for help."[33] But simply sending a request slip, by itself, does not indicate that the prison officials were deliberately indifferent to a serious medical need. For example, Perry does not state what he told these prison officials, when he contacted them, or how long his care allegedly continued to be deficient following his request slips to them.

Perry provides more detail with respect to Deputy Warden LeValley. He claims that he spoke to LeValley "in person" and that his family members

---

[31] *See id.* at 3.
[32] *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).
[33] *See* Doc. 9 at 4.

contacted the prison and spoke with LeValley as well.[34]  Perry alleges that LeValley was asked to "do a welfare check" on him but that no welfare check was ever performed.[35]  These allegations, however, do not indicate that LeValley was ever made aware of a serious medical need or that he was deliberately indifferent to that need.

The Court observes that, between Perry's original and amended complaints, it appears that he could be able to plausibly state an Eighth Amendment medical indifference claim against one or more prison officials or medical providers at Dauphin County Prison.  However, his pleadings continue to suffer from material deficiencies, as explained above.  Thus, the Court will give Perry one final opportunity to provide a comprehensive pleading that includes all the elements of an Eighth Amendment medical indifference claim.

B. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[36]  Only "persons" are subject to suit under Section 1983, and

---

[34] *Id.* at 4-5.
[35] *Id.*
[36] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[37]

Accordingly, any Section 1983 claim against defendant PrimeCare Medical Inc., must again be dismissed, as PrimeCare is not a person subject to Section 1983 liability. Moreover, Perry once more fails to allege an unconstitutional policy or custom by PrimeCare such that a Section 1983 suit could be maintained against it through its connection with the county.[38] In fact, Perry does not even mention PrimeCare in his amended complaint, and therefore dismissal this time will be with prejudice.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[39] Perry will be granted one final opportunity to amend his pleadings in the event that he can plead facts that would

---

[37] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).
[38] *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).
[39] *Grayson*, 293 F.3d at 114.

plausibly state a Section 1983 claim for deliberate indifference to serious medical needs.

If Perry chooses to file a second amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The second amended complaint should set forth Perry's claims in short, concise, and plain statements, *and in sequentially numbered paragraphs*. Perry must include all allegations in his second amended complaint and must correct the deficiencies identified by the Court in its previous opinions. In short, Perry must identify a serious medical need, and he must plausibly plead allegations that reflect that a defendant or defendants acted with deliberate indifference toward that need, resulting in his harm.

Perry must leave one-inch margins on all four sides of his pleading.[40] He must also name proper defendants and *specify* the offending actions taken by a particular defendant. It is important that Perry set forth whom he is suing (by noting them in the caption or defendant-identification section). Perry must sign the second amended complaint and indicate the nature of the relief sought.

If Perry does not timely file a second amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice. If that occurs, the Court will then determine whether to exercise

---

[40] *See* LOCAL RULE OF COURT 5.1(c).

supplemental jurisdiction over Perry's remaining state-law claims or to dismiss them without prejudice.[41]

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Perry's Section 1983 claims pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Perry may file a second amended complaint in accordance with this Memorandum.  If no appropriate second amended complaint is timely filed, the Court will determine whether to exercise supplemental jurisdiction over the remaining state-law claims.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[41] *See* 28 U.S.C. § 1367(c).  The Court takes no position on the sufficiency of Perry's state-law claims at this time.

11