## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN SHAKOY PERRY, | No. 4:24-CV-00017 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GREGORY C. BRIGGS, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 3, 2024

Plaintiff Kevin Shakoy Perry filed the instant *pro se* civil rights lawsuit alleging constitutional torts by Dauphin County Prison officials.  His Section 1983[1] claims sound in deliberate indifference to serious medical needs.  Perry's initial complaint was dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1).  His amended complaint likewise suffered from material pleading deficiencies and was dismissed under Section 1915A(b)(1).  Presently pending is Perry's second amended complaint, his third attempt to plead plausible Section 1983 claims.  The Court will dismiss in part the second amended complaint for failure to state a claim upon which relief may be granted.

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.    STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

2    *See* 28 U.S.C. § 1915A(a).
3    *Id.* § 1915A(b)(1).
4    *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
5    *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
6    *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Perry proceeds *pro se*, his pleadings are to be liberally construed and his second amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Perry, is incarcerated.[14]

---

[7]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]  *Iqbal*, 556 U.S. at 681.

[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.   DISCUSSION

In his second amended complaint, Perry names five defendants: Warden Gregory C. Briggs, Deputy Warden Bruce LeValley, Deputy Warden Lionell Pierre, Health Service Administrator (HSA) Justin M. Lensbower, and Dr. Theodore Dimitri.[15]  For the first time, Perry asserts that he is a pretrial detainee rather than a convicted and sentenced prisoner.[16]  He alleges that all Defendants are liable for "Eighth Amendment violations" for "deliberate indifference and cruel and unusual punishment,"[17] but in essence his claims assert deliberate indifference to serious medical needs.[18]  He seeks monetary damages and litigation costs.[19]  Pursuant to 28 U.S.C. § 1915A(a), the Court will address the sufficiency of Perry's medical indifference claims against the named Defendants.

### A.   Fourteenth Amendment Medical Indifference

As noted above, Perry is a pretrial detainee, so his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's

---

[15]   *See* Doc. 12 at 2-3.

[16]   *See id.* at 2.

[17]   *Id.* at 5, 11.

[18]   Although Perry invokes the Eighth Amendment, he now claims he is a pretrial detainee (not a convicted prisoner), so his medical indifference claims implicate the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition of cruel and unusual punishments.  *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014); *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (*Hubbard I*); *see also Paulino v. Burlington Cnty. Jail*, 438 F. App'x 106 (3d Cir. 2011) (nonprecedential) (explaining that "sentenced prisoners are protected from punishment that is 'cruel and unusual,' while pretrial detainees are protected from any punishment" (citing *Hubbard I*, 399 F.3d at 166-67)).

[19]   Doc. 12 at 5, 11.

cruel-and-unusual-punishments provision.  However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical care claims versus those raised by incarcerated individuals under the Eighth Amendment.[20]  Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Perry's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[21]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[22]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[23]

---

[20]   This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims.  *See Thomas v. City of Harrisburg*, 88 F.4th 275, 281 & n.23 (3d Cir. 2023) (applying Eighth Amendment standard to pretrial detainee's medical care claim); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

[21]   *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

[22]   *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

[23]   *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[24]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[25]  Claims sounding in mere medical negligence will not suffice.[26]

Perry alleges that he had recurrent toe infections that were mistreated by medical providers at Dauphin County Prison over the course of several months.[27] He claims that these infections resulted in a third of his toe and toenail being "cut," "tissue damage," nerve damage, pain and swelling, discoloration, and permanent injury to his toe causing partial loss of balance.[28]  These allegations are sufficient to state a serious medical need.

As to defendants Warden Briggs, Deputy Warden LeValley, and Deputy Warden Pierre, Perry has plausibly alleged deliberate indifference to serious medical needs.  Perry avers that, as his toe infection worsened and he continued to suffer from inadequate in-house care, he sent biweekly request slips to these prison

---

[24]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

[25]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

[26]  *Rouse*, 182 F.3d at 197.

[27]  *See* Doc. 12 at 10.

[28]  *Id.* at 5, 10.

officials asking for additional or outside treatment.  He maintains that he informed them that he was experiencing "severe pain" and that his infection was worsening but they did not take any corrective action.  Finally, Perry alleges that his family members repeatedly contacted the prison on his behalf to implore officials to provide Perry with better care, but that such requests were fruitless.  Taken as true, these allegations suffice to state deliberate indifference to a serious medical need.

Perry's claims against HSA Lensbower and Dr. Dimitri fall short.  As to Lensbower, Perry simply regurgitates his allegations regarding communication with other prison officials or medical providers and maintains that, as the Health Service Administrator, Lensbower "is supposed to make sure his staff is making sure its staff is free from committing [negligent or constitutionally violative] actions."[29]  Such pleading is the quintessential example of *respondeat superior* liability, which does not apply in Section 1983 actions.[30]  Rather, a Section 1983 plaintiff must alleged personal involvement by the defendant in the purported constitutional misconduct.[31]  None of Perry's allegations indicate that Lensbower was personally involved in the alleged constitutional violations, and therefore any Section 1983 claim against Lensbower must be dismissed.

---

[29]  *Id.* at 12.
[30]  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[31]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

As to Dr. Dimitri, Perry's allegations at most reflect professional negligence (*i.e.*, medical malpractice). Perry alleges that Dr. Dimitri "gave [him] multiple different antibiotics," attempted to surgically address his ingrown toenail, saw him multiple times, and otherwise provided care that ended up being ineffective before sending him for outside treatment with a dermatologist.[32] Perry does not claim, for example, that Dr. Dimitri failed to treat him, denied him prescribed treatment, or delayed treatment for nonmedical reasons. Instead, Perry merely questions Dr. Dimitri's professional competency and treatment choices. These types of allegations do not reflect "unnecessary and wanton infliction of pain." Instead, they sound in professional negligence only, which does not suffice to state a claim of deliberate indifference to serious medical needs.[33]

## B. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[34] Further leave to amend will be denied because Perry has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[35] Perry, in fact, has had three

---

[32] *See* Doc. 12 at 23-27.
[33] *Rouse*, 182 F.3d at 197.
[34] *Grayson*, 293 F.3d at 114.
[35] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

opportunities to attempt to state his Section 1983 claims. This case, therefore, will continue only as to Perry's Fourteenth Amendment medical indifference claims against defendants Briggs, LeValley, and Pierre.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Perry's Section 1983 claims against defendants Lensbower and Dr. Dimitri under 28 U.S.C. § 1915A(b)(1) because Perry fails to state a claim upon which relief may be granted. This case will proceed on Perry's Fourteenth Amendment medical indifference claims against defendants Briggs, LeValley, and Pierre only. An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge