IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN S. PERRY, | No. 4:24-CV-00017 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GREGORY C. BRIGGS, *et al.*, | |
| Defendants. | |

# MEMORANDUM OPINION

### NOVEMBER 6, 2025

Plaintiff Kevin S. Perry filed the instant *pro se* civil rights lawsuit alleging constitutional torts by Dauphin County Prison (DCP) officials. His Section 1983[1] claims sound in Fourteenth Amendment deliberate indifference to serious medical needs. After multiple iterations of his pleadings, Perry's claims have been narrowed to medical indifference claims against three DCP officials who are not medical professionals. Presently pending is those Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56. Because Perry has not responded to Defendants' motion and thus has failed to carry his Rule 56 burden on his remaining Section 1983 claims, the Court will grant Defendants' unopposed motion for summary judgment.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.     **FACTUAL BACKGROUND**[2]

Perry is currently incarcerated at FCI Schuylkill.[3] He lodged the instant lawsuit in January 2024 while detained at DCP.[4] After his initial and amended complaints were dismissed without prejudice,[5] Perry filed a second amended complaint, which is the operative pleading in this action.

In his second amended complaint, Perry asserted claims of deliberate indifference to serious medical needs under the Fourteenth Amendment, as he was a pretrial detainee at the times relevant to his lawsuit.[6] His second amended complaint alleged that from May 2023 to March 2024, he was provided deficient medical care at DCP.[7] The Court screened Perry's second amended complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed all claims with prejudice except his medical indifference claims against defendants Warden Gregory C. Briggs, Deputy Warden Bruce LeValley, and Deputy Warden Lionell Pierre.[8]

---

[2]     Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendants properly filed their statement of material facts, (Doc. 50), but Perry failed to respond to that statement. Accordingly, the Court will deem admitted the facts in Defendants' Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.
[3]     *See* Doc. 42.
[4]     *See generally* Doc. 1.
[5]     *See* Docs. 10, 11, 14, 15.
[6]     *See* Doc. 14 at 4.
[7]     *See* Doc. 12 at 8.
[8]     *See* Doc. 14 at 6-9.

Defendants now move for summary judgment on Perry's medical indifference claims.[9] Perry has failed to respond to Defendants' Rule 56 motion in any way. The deadline for a responsive Rule 56 pleading has now passed, but Perry has neither filed a response nor sought an extension of time to do so. Defendants' unopposed motion for summary judgment is therefore ripe for disposition.

## II. STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[10] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[12]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[13] The Court must view the facts and evidence presented

---

[9] Doc. 49.
[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[11] FED. R. CIV. P. 56(a).
[12] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[14] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[15] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[16] Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[17]

## III. DISCUSSION

Defendants contend that Perry is unable to satisfy his Rule 56 burden because he cannot adduce any competent evidence to establish a genuine issue of material fact as to his Section 1983 claims. This is so, Defendants maintain, because Defendants are not medical professionals, Perry was under the care of qualified medical professionals at all relevant times, and Perry has not proffered evidence that Defendants were deliberately indifferent to his medical needs.[18] The Court agrees with Defendants and finds that Perry has failed to carry his Rule 56 burden, so judgment must be entered in Defendants' favor.

---

[14] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[15] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[16] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[17] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).
[18] *See* Doc. 51 at 6, 8-23.

### A.     Failure to Oppose Rule 56 Motion

First, Perry has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way.  Perry has not identified any record evidence that would rebut Defendants' contention (and supporting evidence) that they did not act with deliberate indifference to his medical needs.  Perry has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor.  In fact, Perry has not even responded to Defendants' Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[19]

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice."[20]  Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[21]  No materials have been provided or cited by Perry in opposition to Defendants' Rule 56 motion.  Thus, because Perry has failed

---

[19] See LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

[20] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (emphasis added) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

[21] FED. R. CIV. P. 56(c)(3).

to establish that there is a genuine dispute of material fact for trial, the Court must grant Defendants' motion for summary judgment.

### B. Merits of the Section 1983 Claims

A second reason that summary judgment must be granted in Defendants' favor is that, upon consideration of the Rule 56 record, there is no evidence that would sustain a verdict in Perry's favor on his Fourteenth Amendment medical indifference claims.

As noted above, Perry alleges that he was a pretrial detainee during his time at DCP. Thus, his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel-and-unusual-punishments provision. However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical care claims versus those raised by incarcerated individuals under the Eighth Amendment.[22] Accordingly, the

---

[22] This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims. *See Thomas v. City of Harrisburg*, 88 F.4th 275, 281 & n.23 (3d Cir. 2023) (applying Eighth Amendment standard to pretrial detainee's medical care claim); *see also Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir.

Court will apply existing Eighth Amendment jurisprudence to Perry's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[23]  To establish an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[24]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[25]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[26]  Deliberate indifference to serious medical needs is an exacting standard,

---

  2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).
[23] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[24] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[25] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[26] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[27] Claims sounding in mere medical negligence will not suffice.[28]

The undisputed record facts are as follows. Perry's medical records demonstrate a long history of various fungal infections and associated issues with his feet and toes, going back to 2020.[29] He was repeatedly counseled by medical staff to take his prescribed medications (including topical antifungal prescriptions) and to practice proper hygiene and cleaning measures to prevent recurrence of these problems, as Perry was often noncompliant with his medications.[30]

With respect to the instant lawsuit, Perry first complained about his right toe to a nurse practitioner in May 2023.[31] In the ensuing weeks and months, Perry was treated on numerous occasions by various doctors and clinical staff at DCP, totaling approximately *twenty* visits.[32] Perry received extensive treatment for his toe, including cleanings, dressings, minor surgery to remove the nail plate from the nail bed, revision of the nail plate removal, a shave biopsy, prescription topical antifungal ointments, prescription antibiotics, referral to an outside dermatologist, and follow-up treatment after the referral.[33]

---

[27] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[28] *Rouse*, 182 F.3d at 197.
[29] Doc. 50 ¶ 6.
[30] *Id.* ¶ 7.
[31] *Id.* ¶ 8.
[32] *Id.* ¶¶ 9, 27, 30-54.
[33] *Id.*

Additionally, during this time, when Perry made requests or complaints to nonmedical officials, including Defendants, it is undisputed that those requests were reviewed and addressed.[34] Perry admits that Defendants did not ignore his medical concerns, even if they did not provide the specific treatment he sought.[35]

In sum, there is no evidence that Defendants—nonmedical officials with knowledge that Perry was receiving extensive medical care from qualified medical professionals—were deliberately indifferent to Perry's medical needs.[36] Thus, even if the Court were to reach the merits of Perry's Section 1983 claims (despite his failure to oppose the instant Rule 56 motion), Defendants' motion for summary judgment would be granted.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendants' unopposed motion for summary judgment. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[34] *See id.* ¶¶ 10-26, 29.
[35] *Id.* ¶¶ 11, 17, 25.
[36] *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (noting that nonmedical prison officials are not "chargeable with the Eighth Amendment scienter requirement of deliberate indifference" unless they have a reason to believe (or actual knowledge) that prison doctors or other medical staff are mistreating or not treating a prisoner).